### W. W. Brown v. John H. Thomas and F. S. Hoeltman, partners, etc.

1. VERDICT—*when, not disturbed.* Where a verdict is based upon conflict and contrariety of evidence upon the issues of fact made by the pleadings, it will be deemed conclusive of the rights of the parties unless, upon a review of the record, the court may say that the same was the result of passion, prejudice or mistake upon the part of the jury, or that by reason of errors assigned the appellant was deprived of a fair trial in the court below.

Action of assumpsit. Appeal from the Circuit Court of St. Clair County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding. Heard in this court at the February term, 1904. Affirmed. Opinion filed September 9, 1904.

DEMPCY & WASHBURN, for appellant.

M. D. BAKER and B. H. CANBY, for appellees.

MR. JUSTICE MYERS delivered the opinion of the court.

The declaration in this case is assumpsit to recover $351 on a bill of exchange alleged to have been drawn by Hartman & Sons against appellant and in favor of appellees. There is one special count alleging the drawing of the bill of exchange, the presentation of the same by appellees, and acceptance by appellant. The common counts were added and a copy of the bill of exchange attached as the instrument sued on. Appellees filed the general issue. Trial by jury resulted in a verdict for appellees for the amount of the bill of exchange. Motion for new trial was overruled and judgment entered on the verdict, from which an appeal was taken to this court.

There was conflict and contrariety of evidence upon the issues of fact made by the pleadings. In such case the verdict of the jury is conclusive of the rights of the parties, unless, upon a review of the record, the court may say that the verdict was the result of passion, prejudice or mistake on the part of the jury, or that by reason of errors assigned the appellant was deprived of a fair trial in the court below. There is nothing appearing of record to discredit the fairness and impartiality of the jury. If they believed the evidence of the plaintiffs the liability of the defendant under the first count of the declaration was established, and under proper instructions given by the court at the instance of both plaintiffs and defendant, the verdict was right. The issue was a simple one and to be determined almost entirely from the testimony of the parties to the action. Whether the acceptance in controversy was unqualified or conditional, under the circumstances of the case could be positively known only to the parties, and, according as the

jury allowed or withheld credit to their testimony, the issue of fact was to be determined. Of course other evidence, that of Miss Clossen for instance, was to be fairly considered in connection with all the facts and circumstances proven, but it was for the jury to sift, weigh and apply these in determining the preponderance. The evidence of payments to Hartman & Sons, after the date of the alleged acceptance, was material, if at all, as tending to prove the understanding of the parties as to the character of the disputed acceptance; in this it was corroborative of the defendant's theory, and therefore he could not have been prejudiced by the admission of the testimony. Whatever its purpose, we are persuaded that it was without harmful effect in the trial. The plaintiffs' fourth given instruction, of which complaint is made, was erroneous and should not have been given for the reason that it directs damages, authorized under the common counts, in excess of proof made. But as we view the record, it may not be said that the verdict is based upon the evidence under the common counts, and for liability under the special count the damages accord with the proof.

Finding that there is evidence to support the verdict and no prejudicial error committed by the trial court, the judgment of the Circuit Court is affirmed.

*Affirmed.*